IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MARABDITO JASSO, Individually § <br> and as next friend of Alayza Jasso-Jaimes, § <br> Zerakdiel Saitd Jasso and Anahi § <br> Jasso-Jaimes, minor children § <br> Plaintiffs § <br> § <br> VS. § <br> § <br> § <br> FEDERAL EXPRESS CORPORATION § <br> Defendant § | | CIVIL ACTION NO. 2:21-cv-344 <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE:

Plaintiff, MARABDITO JASSO, Individually and as next friend of Alayza Jasso-Jaimes, Zerakdiel Saitd Jasso and Anahi Jasso-Jaimes, minor children, files this Original Complaint complaining of Federal Express Corporation (FedEx), Defendant.

**I.**
**PARTIES, JURISDICTION AND VENUE**

1.  This action is brought in this Court under the provisions of 28 U.S.C. §1332(a)(1), because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.  Venue is proper in the Eastern District Court pursuant to section 28 U.S.C. 1391(b)(2) in that the collision the subject of this case occurred in the Eastern District of Texas. Defendant FedEx is a Delaware corporation based out of Tennessee and other states which maintains a presence in this district, which presence is sufficient to establish personal jurisdiction over said Defendant, and employs drivers such as Ryan Casey, who drives for FedEx within the

Eastern District of Texas.

3. Parties to this suit are:

Plaintiff: Marabdito Jasso, Individually and as next friend of Alayza Jasso-Jaimes, Zerakdiel Saitd Jasso and Anahi Jasso-Jaimes, minor children, who are residents of Tyler, Texas.

Defendant: Federal Express Corporation is a Delaware corporation with its principal place of business at 3630 Hacks Cross Rd., Bldg FL2, Memphis, Tennessee, who may be served by serving its Registered Agent for Service, CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201.

## II.
## NATURE OF THE ACTION

4. On or about May 27, 2021, Ryan Casey (Mr. Casey), driving a white Isuzu FedEx delivery vehicle, while in the course and scope of his employment with FedEx, was traveling westbound on 4th Street in Tyler, Texas. Ms. Jasso was driving in the lane next to Mr. Casey. Mr. Casey suddenly made an unsafe lane change and impacted along the right side of Ms. Jasso's vehicle. Mr. Casey chose not to pay attention and chose to make an unsafe lane change and crashed into Ms. Casey. At all times Plaintiff was operating her vehicle in a prudent and safe manner.

5. At the time of the collision in question, Ryan Casey was in the course and scope of his employment with FedEx and was driving a company vehicle. As a result of Mr. Casey's negligence and his vehicle colliding with the vehicle being driven by Ms. Jasso, Ms. Jasso and her children suffered severe and debilitating injuries.

6. Mr. Casey was negligent in the manner in which he operated his company vehicle in that he chose not to pay proper attention to the traffic in the lane next to him and chose to make an unsafe lane change directly into the path of travel of Ms. Jasso. Said negligence proximately caused the severe crash and traumatic injuries and damages to Ms. Jasso and her

young children.

7. At all times material hereto, Mr. Casey was employed by FedEx, and was acting at its direction and for its benefit, and was engaged in accomplishing a task for which he was employed by FedEx. FedEx is legally liable for Mr. Casey's negligent acts pursuant to the theories of *respondeat superior* and vicarious liability.

8. Whenever it is alleged in this Complaint that Defendant did any act or thing, it is meant that Defendant's agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with the authorization of Defendant, or was done in the normal routine course of the agency or employment of Defendant.

### III.

9. Plaintiff would show that Defendant committed acts which were negligent and grossly negligent and which were the proximate cause of the collision in question, and the resulting injuries to Plaintiff. Defendant FedEx's choice not to develop, implement, train and/or enforce a safe hiring and driving program for its drivers constituted a systems failure by entrusting a vehicle to an unsafe driver which was negligence and a proximate cause of the collision, as well as Plaintiffs' injuries

10. Plaintiff would show that Defendant FedEx was negligent and grossly negligent in the hiring, training and supervision of Ryan Casey and in the entrustment of the subject vehicle to Ryan Casey who was acting in the course and scope of his employment, agency, or servitude of FedEx at the time of this wreck.

### IV.

11. Mr. Casey was operating a FedEx company vehicle in an extremely heedless and

reckless manner and in total disregard of the rights of Plaintiffs. In other words, Mr. Casey and FedEx were guilty of gross negligence. FedEx was also guilty of gross negligence in entrusting its vehicle to Ryan Casey. Plaintiff alleges that as an expert company driver, Ryan Casey knows, and his employer FedEx knows, that a commercial driver must be qualified, properly trained, and properly supervised by his or her employer. Plaintiff alleges that this safety rule is so axiomatic that all companies know and understand it with regard to their drivers on the streets and highways of America, and specifically in Texas, or in the exercise of ordinary care they should know and understand it. As a widespread company FedEx very well knew or should have known of this safety rule.

12. However, in spite of their actual and constructive knowledge of this safety rule, FedEx acting through its agents, representatives, and vice principals, chose not to comply with and follow this safety rule.

V.

13. Marabdito Jasso was 25 years old at the time of her injuries, the effects of which will continue for the remainder of her life. She was in good health and enjoyed an outgoing lifestyle. Before her injuries, Ms. Jasso was industrious and energetic. As a result of the negligent and careless actions of Defendant, Ms. Jasso has suffered serious injuries to her back, neck, shoulder and body generally. Defendant's actions caused such injuries to Ms. Jasso and/or aggravated previous injuries, if any, causing additional injuries to Plaintiff.

14. Alayza Jasso-Jaimes, Zerakdiel Saitd Jasso and Anahi Jasso-Jaimes were minor children at the time of the wreck and each received injuries to their bodies which have required medical treatment in the past and will require treatment in the future.

15. Ms. Jasso seeks damages which will reasonably and fairly compensate her and her

children for the following losses:

    a.    Past and future physical pain and mental anguish, meaning the conscious physical pain and emotional pain, torment and suffering, experienced by her and her children as a result of the occurrence in question;

    b.    Medical expenses, meaning the medical expenses which have been incurred on behalf of the medical care for Ms. Jasso and her children in the past, and which will in reasonable probability be incurred in the future;

    c.    Loss of earning capacity;

    d.    Physical impairment, both past and future.

## PRAYER

16.    Plaintiff requests that the Defendant be cited to appear and answer, and that on final trial Plaintiffs recover:

    a.    All actual, economic, compensatory, and exemplary damages in an amount in excess of the minimum jurisdictional limits of the Court;

    b.    Prejudgment and postjudgment interest at the legal rate, costs of court, and

    c.    Such other and further relief as Plaintiff may be entitled to receive.

## JURY DEMAND

17.    Plaintiff makes a demand for a jury trial in accordance with Federal Rules of Civil Procedure 38.

Respectfully submitted,

LAW OFFICE OF KEITH MILLER
100 E. Ferguson, Suite 101
Tyler, Texas 75702
Telephone: (903) 597-4090

        Facsimile:  (903) 597-3692
        State Bar No. 14093750
        keith@5974090.net

        ERSKINE & McMAHON, L.L.P.
        P. O. Box 3485
        Longview, Texas 75606
        Telephone: (903)757-8435
        Facsimile: (903)757-9429

        By:   /s/ *Blake C. Erskine*
              Blake C. Erskine
              State Bar No. 06649000
              blakee@erskine-mcmahon.com
              Chad F. Newman
              State Bar No. 24067796
              chadn@erskine-mcmahon.com

        ATTORNEYS FOR PLAINTIFFS